**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**JOHN NIESEN, as Personal Representative
for the Estate of Michael Scott Niesen,
deceased; JOHN NIESEN, individually;
MARY F. RILEY, individually,**

    **Plaintiffs,**

**v.**                                                                                      **Case No. 8:08-cv-1599-T-30EAJ**

**MICHAEL EGGER; MARK CAIRNS;
EDWARD GARNER; JAMES GRAVELY;
and CHARLES BUTLER,**

    **Defendants.**
_____/

## ORDER

In the late evening of July 13, 1977, Clearwater Police Officer Ronald Mahoney made a traffic stop of a pick-up truck driven by Michael Niesen. During the stop, Niesen began to drive away and Officer Mahoney jumped into the bed of the truck. The truck flipped tossing Officer Mahoney into the road, fatally injuring him. Within minutes, other Clearwater Police officers arrived on the scene. Niesen's family members, who are the plaintiffs in this action, allege that Niesen was beaten to death by the angry Clearwater Police officers and that those officers conspired to cover-up the beating.

Thirty-one years after Niesen's death, Plaintiffs brought this action in August 2008. Florida's four year statute of limitations applies to Plaintiffs' deprivation of rights claim under 42 U.S.C. §1983. In the Eleventh Circuit, the limitations period does not begin to run until a plaintiff knows or should know that they have suffered an injury and who has inflicted

the injury.¹ The issue before the Court on summary judgment is whether Plaintiffs claims are barred by the statute of limitations. The Court concludes that Plaintiffs claims are barred.

**Standard of Review**

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."² The Court's determination that no genuine issue of material fact exists shall be based on the totality of the evidence presented.³ A material fact is one that "might affect the outcome of the suit under the governing law."⁴ There is no genuine issue of material fact if "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party."⁵

The moving party bears the burden of proving that no genuine issue of material fact exists.⁶ Once the moving party has properly supported its motion for summary judgment, the non-moving party must go beyond the pleadings to show that a genuine issue exists for trial.⁷ The non-moving party must come forward with evidence sufficient to establish the existence of the essential elements of its case, which the non-moving party will have the burden to

---

[1] *Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987).

[2] Fed.R.Civ.P. 56(c).

[3] *Id.*

[4] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[5] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

[6] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-324 (1986).

[7] *Id.*

prove at trial.[8] The evidence presented must be construed in favor of the non-moving party, and that party must receive the benefit of all favorable inferences that can be drawn from the evidence.[9] The Court's function is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."[10]

**Background**

This claim arises out of the alleged beating death of Michael Scott Niesen ("Niesen"), by City of Clearwater police officers in 1977. The Plaintiffs are John Niesen, individually, and as representative of the Estate of Michael Scott Niesen and the Estate of Mary F. Riley. John Niesen is Michael Niesen's brother and Mary Riley is Michael Niesen's mother. The defendants are Mark F. Cairns, Michael J. Egger, Edward R. Garner, James H. Gravely, and Charles Butler. Cairns, Egger, Garner, Gravely, and Butler were police officers with the Clearwater Police Department ("CPD").

On July 13, 1977, Clearwater Police Officer Ronald Mahoney pulled over a pick up truck, driven by Michael Niesen, for speeding. At some point during the stop, Officer Niesen ran a check on the truck and was informed that it was reported stolen. Niesen began to drive away and Officer Mahoney jumped into the bed of the truck. Niesen began driving erratically and lost control of the vehicle. The truck flipped and came to rest on the driver's side. Officer Mahoney was thrown from the truck and was crushed by the truck as it flipped.

---

[8] *Id.*

[9] *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

[10] *Liberty Lobby*, 477 U.S. at 249.

Another Clearwater Police Officer, Mark Cairns, arrived at the scene while the truck was flipping. He called for help at 10:03 pm and attempted to revive Officer Mahoney. Some time later, Officer Edward Garner, who was on his first day on the job, and Officer Michael Egger, who was Garner's field training officer, arrived at the scene.

Plaintiffs allege that Niesen was initially alive, conscious, and coherent at the scene of the accident. They claim that Niesen was beaten by some Clearwater police officers at the scene and the injuries resulting from the beating caused his death.

Defendants' incident reports contradict Plaintiffs' account. None of the officers at the scene that evening reported any beating or violence toward Niesen. Some officers reported that Niesen never regained consciousness after the accident. The other officers at the scene did not mention Niesen's condition at all.

There were lay witnesses to the accident. Some said Niesen was thrown from the truck and was unconscious immediately after the accident. Others say they saw Niesen conscious and talking.

Fire rescue personnel arrived on the scene shortly after the accident. The first fire rescue unit arrived at 10:07 pm and began to treat Officer Mahoney since he appeared to be in more critical condition. The second fire rescue unit arrived at 10:12 pm. A Clearwater Fire Rescue Report states that Niesen was lying on the side of the road in critical condition. It further states that he was unconscious, his respiration was labored, and he had moderate bleeding. Fire rescue removed broken teeth that were lodged in Niesen's throat restricting his breathing and treated a head injury that was bleeding. The paramedics took Niesen to the hospital where he died the following day.

Plaintiffs brought this action alleging four violations of 42 U.S.C. §1983. The defendants previously brought motions to dismiss, which the Court treated as motions for summary judgment because they presented matters outside of the complaint. There had been little discovery at that point because it was an early stage of the litigation. The Court granted summary judgment against Plaintiffs on Counts I, III, and IV because they were barred by Florida's four year statute of limitations for claims for deprivation of rights under 42 U.S.C. §1983. The Court did not make a ruling on Count II, alleging conspiracy by the defendants, to allow the parties to take discovery in relation to the existence of a continuing conspiracy.

## Discussion

Plaintiffs sole remaining count alleges that Defendants, while acting under color of state law, conspired with one another and other officers from the CPD to author fraudulent, inaccurate, or incomplete reports and to undertake efforts to cover-up the murder of Niesen. Plaintiffs further allege that this cover-up deprived them of their right of access to the courts by preventing them from bringing lawsuits against the officers responsible for Niesen's death. Defendant argue that this claim is barred by Florida's four year statute of limitations, which applies to deprivations of rights claims under 42 U.S.C. §1983.[11]

There are two ways that Plaintiffs claim would not be barred by the statute of limitations. Plaintiffs could either show that the claim did not actually accrue until some time within four years of the date the complaint was filed or that the conspiracy meets the continuing violations exception to the statute.

**I.    Accrual of the Conspiracy Claim**

---

[11] *See City of Hialeah v. Rojas*, 311 F.3d 1096, 1102 n. 2 (11th Cir. 2002).

The general rule of accrual is that the limitations period does not begin "until the plaintiffs know or should know (1) that they have suffered the injury that forms the basis of their complaint and (2) who has inflicted the injury."[12]

Plaintiffs' conspiracy claim is based entirely on a 2006 interview with Officer Garner, one of the first officers on the scene. Plaintiffs contend that during that interview, Garner admitted that all of the defendants coordinated an intentional cover-up of Niessen's murder and that until this interview Plaintiffs did not have evidence to support the conspiracy claim. But Garner did not provide any new information to Plaintiffs at that interview.

As the Court has previously found, by 1979, Plaintiffs were aware that police officers were authoring reports that contradicted some eye witness statements.[13] Garner's interview does not add to that information. During the interview, Garner stated that he spoke to Niesen at the scene of the accident. Notably, Garner has no knowledge of any violence toward Niessen. Garner's statement regarding his brief conversation with Niesen only adds to the numerous witnesses who have also said that they saw Niesen conscious after the truck flipped. Other lay witnesses to the accident testified that they saw Niesen get thrown from the truck, ran to him immediately, and found him unconscious.[14]

Plaintiffs contend that they could not have brought their claims earlier because of these conflicting versions of the events. But that contention undermines their premise. Knowledge of witnesses providing information conflicting with the officers' reports provides

---

[12] *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003), *citing Mullinax* at 716.

[13] See Dkt. 47.

[14] See Deposition of David Peckham, Dkt. 84 at pp. 33-40. See also Deposition of Alan Peckham, Dkt. 83 at pp. 20-23.

notice of a potential claim at that time. The 2006 conversation with Officer Garner provides no new information. Therefore, under the general claim accrual rule, Plaintiffs conspiracy claim is barred by the four year statute of limitations.

## II. The Continuing Violations Doctrine

As noted above, Plaintiffs claim is based entirely on the 2006 Garner interview. Specifically, Plaintiffs rely on three essential facts. First, Garner stated that all of the officers at the scene gathered in one room to write their reports and someone made the statement, "we have to get this right." Second, Garner said that someone, probably his superior, instructed him on what to focus when writing his report. But Garner cannot remember the specific instruction. Third, Garner stated that he did not report his brief conversation with Niesen in his police report. Some time later, Garner told Egger, Garner's field training officer, that there was something wrong with his report but not what was wrong. Egger told Garner to report the problem to the investigations bureau. Garner never reported the problem.

These facts do not support a claim for conspiracy. The elements of a Section 1983 conspiracy claim are: (1) a violation of Plaintiffs' federal rights; (2) an agreement among the defendants to violate such right; and (3) an actionable wrong.[15] Plaintiffs have failed to provide evidence of an agreement among the defendants. Since there is no evidence of a conspiracy, Plaintiffs cannot show that the conspiracy was continuing. Under these circumstances, the continuing violations doctrine cannot extend the accrual date of Plaintiffs' claim.

It is therefore ORDERED AND ADJUDGED that:

---

[15] *See Geidel v. City of Bradenton Beach*, 56 F.Supp.2d 1359, 1367 (M.D. Fla. 1999).

1. Defendants Charles Butler, Mark Cairns, Michael Egger, and James Gravely's Motion for Summary Judgment (Dkt. 72) is **GRANTED**.

2. Defendant Edward Garner's Motion for Summary Judgment (Dkt. 76) is **GRANTED**.

3. The Clerk is directed to enter judgment in favor of Defendants and against Plaintiffs.

4. The Clerk is further directed to close this case and terminate any pending motions.

**DONE** and **ORDERED** in Tampa, Florida on May 6, 2010.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2008\08-cv-1599.msj 72, 76 .frm