UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**JOHN NIESEN, as Personal Representative
for the Estate of Michael Scott Niesen,
deceased, et al.,**

    **Plaintiffs,**

**v.**                                                                Case No. 8:08-cv-1599-T-30EAJ

**MICHAEL EGGER, et al.,**

    **Defendants.**
_____/

## **ORDER**

THIS CAUSE comes before the Court upon Defendant Edward Garner's Motion for Taxation of Costs (Dkt. 121), Defendants Michael Egger, Mark Cairns, James Gravely, and Charles Butlers's Motion for Taxation of Costs (Dkt. 114), Plaintiff's Response to each motion (Dkts. 125 and 123). The Court, having reviewed the motions, responses, and the bills of costs submitted with each motion, finds that the motions should be granted in part.

Defendants, as a prevailing parties in this action, seek taxation of the costs incurred in connection with this suit, as authorized by Federal Rule of Civil Procedure 54(d). Defendants seek costs under 28 U.S.C. § 1920, which sets forth the categories of trial expenses recoverable under Rule 54(d). Under 28 U.S.C. § 1920, the following costs may be taxed: (1) fees of the clerk and marshal; (2) fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) fees and

disbursements for printing and witnesses; (4) fees for exemplification and copies of papers necessarily obtained for use in the case; (5) docket fees under § 1923; and (6) compensation of court appointed experts and interpreter services.

## Edward Garner's Motion for Taxation of Costs

Upon review of Garner's Bill of Costs and the invoices and receipts attached, the Court finds that not all of Garner's expenses are allowed by the statute. Though challenged by Plaintiffs, the Court will allow shipping and postage costs charged by the court reporters as a part of the of the deposition transcripts. However, charges for additional copies of transcripts and other versions of transcripts are not compensable under the statute and, therefore, are not awarded. Garner's costs for court reporter/transcript fees are reduced from $8,332.04 to $8,205.04. In addition, none of the "other costs" requested by Garner are allowable under the statute. Garner's total taxable costs are reduced from $15,927.94 to $9,079.96.

## Defendants Michael Egger, Mark Cairns, James Gravely, and Charles Butlers's Motion for Taxation of Costs

Defendants seek total costs in the amount of $33,687.35. As with Garner, not all of these Defendant's expenses are allowed by the statute. The statutory amount allowable for service fees is based on the amount charged by the United States Marshals, which is $55.00 per hour for each item served, plus travel costs. See 28 C.F.R. §0.114(a)(3). Defendants have not stated how much time was spent by the process servers in effectuating service and do not indicate whether any charges include travel costs. For each of the challenged service

fees, the Court will allow $55.00 plus $5.00 for travel costs. Therefore, the amount to be taxed for service and subpoena fees is reduced from $1,267.00 to $985.00.

Defendants request $20,841.17 for court reporter fees and transcripts. Again, Plaintiffs object to postage and shipping costs but the Court will allow those costs. The Court will not allow costs for additional copies or alternate versions of transcripts. The taxable costs for court reporter fees and transcripts is reduced to $20,453.17.

Plaintiffs object to some of Defendants' requested witness fees because Defendants seek expenses for multiple witnesses who were never deposed or witnesses who were deposed by Plaintiffs. The Court agrees with Plaintiffs objections and, therefore, reduces the witness fees from $1,448.46 to $602.75.

Defendants also seek $499.80 for printing fees. Defendants failed to supply documentary support for these fees so the Court will not allow any of the printing costs. In addition, the "other costs" requested by Defendants are not compensable under the statute and the Court will not award those costs. Therefore, the total taxable costs are reduced from $33,687.35 to $22,364.40.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant Edward Garner's Motion for Taxation of Costs (Dkt. 121) is **GRANTED in part** as stated.

2. Defendant Edward Garner is awarded a cost judgment against Plaintiffs in the amount of $9,079.96.

3. Defendants Michael Egger, Mark Cairns, James Gravely, and Charles Butlers's Motion for Taxation of Costs (Dkt. 114) is **GRANTED in part** as stated.

4. Defendants Michael Egger, Mark Cairns, James Gravely, and Charles Butlers are awarded a cost judgment against Plaintiffs in the amount of $22,364.40.

5. The Clerk is directed to enter the final costs judgments in favor of the respective Defendants, for which let execution issue.

6. The Clerk is directed to close this file.

**DONE** and **ORDERED** in Tampa, Florida on June 11, 2010.

*[Signature]*

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2008\08-cv-1599.tax costs.frm